**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Isom,<br><br>                Plaintiff,<br><br>v.<br><br>JDA Software Incorporated,<br><br>                Defendant. | No. CV-12-02649-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiff's Unopposed Motion to Exceed Page Limit re: Response to Summary Judgment Motion (Doc. 94) and Plaintiff's Motion to File Exhibits Under Seal (Doc. 97). The Court now rules on the motions.

**I.     Motion to Exceed Page Limit**

Plaintiff asks for an eight-page extension of the page limit for her response to Defendant's motion for summary judgment. (Doc. 94 at 1). The Court previously granted a similar request to Defendant, and Defendant does not oppose Plaintiff's present request. *See* (Doc. 89; Doc. 94 at 1). The Court will grant Plaintiff's request.

**II.    Motion to File Under Seal**

Plaintiff moves to file under seal an exhibit ("Plaintiff's Dep. Exh. 67") referenced in her controverting statement of facts as well as her response to Defendant's motion for summary judgment. (Doc. 97 at 1). Plaintiff and Defendant have conferred concerning this exhibit and have "determined that the Exhibit could not be filed in redacted form, in a manner which would preserve the usefulness of the document, while protecting Defendant's interest in protecting confidential information." (*Id.* at 1-2). Thus, Plaintiff

requests that the Court permit her to file this exhibit under seal.

Although the Court commends the parties for narrowly tailoring their requests to seal, and the exhibit may well contain "confidential" information, Plaintiff must establish a record demonstrating why sealing is appropriate, as the following case law illustrates:

### A.  Legal Standard

The Ninth Circuit Court of Appeals ("Ninth Circuit") has recognized "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The public has a general right of access "to inspect and copy . . . judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), which "extends to pretrial documents filed in civil cases." *Foltz*, 331 F.3d at 1134. The only exceptions are those documents that have "traditionally been kept secret for important policy reasons," namely grand jury transcript and certain warrant materials. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Because of the strong presumption in favor of access to court records, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* That party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (internal quotation marks and citations omitted). A court deciding to seal judicial records must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

(quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Accordingly, a party's allegations that material is "confidential" or "business information" are insufficient to justify sealing court records containing such material unless the party proves the existence of compelling reasons such as those set forth in *Kamakana*. *Krause v. Nev. Mut. Ins. Co.*, 2013 WL 3776146, at *5 (D. Nev. July 16, 2013) (citing *Kamakana*, 447 F.3d at 1179). Moreover, because "confidentiality alone does not transform business information into a trade secret," a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret. *St. Clair v. Nellcor Puritan Bennett LLC*, 2011 WL 5335559, at *2 (D. Ariz. Nov. 7, 2011). Thus, only in limited circumstances will confidential information actually merit the sealing of court records. *See Kamakana*, 447 F.3d at 1182 (finding that conclusory statements about the content of documents did not provide "compelling reasons sufficiently specific to bar the public access to the documents").

### B. Analysis

Because Plaintiff did not articulate specific reasons why the exhibit at issue should be sealed under Ninth Circuit law, the Court will deny Plaintiff's motion without prejudice. The lodged sealed exhibit shall remain lodged under seal; Plaintiff may file a new motion to seal without needing to lodge the exhibit a second time.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** granting Plaintiff's Unopposed Motion to Exceed Page Limit re: Response to Summary Judgment Motion (Doc. 94).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file into the record Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, currently lodged at Doc. 95.

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion to

File Exhibits Under Seal (Doc. 97).

**IT IS FURTHER ORDERED** that Plaintiff shall file a new motion to seal within seven days of the date of this Order.

Dated this 24th day of October, 2014.

James A. Teilborg
Senior United States District Judge