1   **WO**

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8

9   Kimberly Isom,                                    No. CV-12-02649-PHX-JAT

10                      Plaintiff,                     **ORDER**

11   v.

12   JDA Software Incorporated,

13                      Defendant.

14

15          Pending before the Court is "Plaintiff's Motion for Reconsideration and

16   Clarification of Court's June 29, 2015 Order" (Doc. 116). The Court now rules on the

17   motion.

18   **I.      Background**

19          For brevity, the Court will not recite the facts of this case but refers to its prior

20   Order, in which the Court granted in part and denied in part Defendant's motion for

21   summary judgment, and incorporates the terms defined in that order (such as "FMLA"

22   and "MAM"). (Doc. 114). In that Order, the Court ruled that Defendant was entitled to

23   summary judgment on Plaintiff's Title VII sex discrimination claim, FMLA retaliation

24   claim, Title VII retaliation claim, and federal and state equal pay claims. (*Id.* at 22-23)

25   The Court concluded that a genuine issue of material fact existed on Plaintiff's claim for

26   FMLA interference. (*Id.*) Plaintiff now moves for reconsideration of this Order. (Doc.

27   116).

28

**II.    Legal Standard**

The Court will grant a motion for reconsideration if one of the following four elements is satisfied:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Additionally, "[n]o motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Id.*

**III.    Analysis**

Plaintiff makes two arguments in her motion for reconsideration. First, Plaintiff suggests the Court was unclear in articulating its analysis of the FMLA interference claim. (Doc. 116 at 2). Second, Plaintiff argues that she presented sufficient evidence of pretext to survive summary judgment on her Title VII sex discrimination claim. (*Id.* at 5).

**A.    FMLA Interference**

Plaintiff takes issue with the following portion of the Court's Order:

> Thus, Plaintiff has shown the existence of a genuine issue of material fact as to whether the accounts assigned to Plaintiff were less favorable than those assigned to other MAMs.

(Doc. 113 at 11:8-10). Plaintiff also takes umbrage with one of the Court's footnotes, which contained the following statement: "Thus, *McArdle* further supports the Court's conclusion that a genuine issue of material fact exists as to whether the accounts assigned to Plaintiff were less favorable than those assigned to other MAMs." (*Id.* at 11 n.4).

Plaintiff now argues that these sentences misstate the law under the FMLA

- 2 -

1    because they require a factfinder to compare Plaintiff's status vis-à-vis other MAMs *after*

2    her return to employment with Defendant. Plaintiff asserts that the standard is whether

3    Defendant restored Plaintiff to the same or equivalent position, and therefore the issue is

4    whether Defendant restored the accounts that were assigned away from Plaintiff during

5    her FMLA leave, or accounts equivalent to those that were assigned away from her.

6    (Doc. 116 at 3-4).

7           Plaintiff misinterprets the Court's Order. Nothing in the Court's Order is

8    inconsistent with the well-established law under the FMLA, which requires that an

9    employee taking FMLA leave be returned to an equivalent *position*. *See* 29 U.S.C. §

10   2614(a)(1). The Court stated as such:

11               The sole disputed issue concerning Plaintiff's FMLA
                 interference claim is whether Defendant restored Plaintiff to
12               the same or equivalent position following her maternity leave.
                 Specifically, the issue is whether Defendant failed to provide
13               Plaintiff with equivalent sales opportunities upon her return.

14   (Doc. 113 at 10:22-25).

15          Within the question of whether Plaintiff returned to equivalent sales opportunities,

16   the Court focused factually on the most efficient avenue for resolving the FMLA

17   interference claim, recognizing that the existence of a genuine issue of material fact

18   *anywhere* meant that the entire claim survived summary judgment. Plaintiff testified at

19   her deposition that after she returned to work, Defendant no longer assigned her major

20   accounts. This creates a genuine issue of material fact because if Defendant in fact

21   assigned Plaintiff, upon her return, less favorable new accounts than it did to other

22   MAMs, this would constitute interference with her FMLA rights because it would not

23   have restored her to her position or an equivalent position. To that end, the Court noted:

24               . . . thus, even assuming Defendant could show as a matter of
25               law Plaintiff was not entitled to retain Discount Tire and
                 Sears Canada, this does not defeat the genuine issue of
26               material fact as to whether Defendant assigned substandard
                 accounts to Plaintiff upon her return from leave.
27

28   (Doc. 113 at 11:15-18).

1
2
3
4
5
6
7
8
9
10
11

The fact that this approach was the most expeditious way for the Court to rule *in favor of Plaintiff* on her FMLA interference claim does not mean, as Plaintiff apparently misapprehends, that the sole test for an FMLA interference violation is only a post-leave comparison against other similar employees. Rather, being assigned substandard new accounts upon return is merely one factual circumstance that would cause Plaintiff to not have returned to the same or an equivalent position. The Court cited *McArdle v. Dell Products, L.P.*, 293 F. App'x 331 (5th Cir. 2008) with approval in its Order. (Doc. 113 at 11 n.4). As *McArdle* states, "[t]he employee must have the same or an equivalent opportunity for bonuses profit-sharing, and other similar discretionary and non-discretionary payments." *McArdle*, 293 F. App'x at 335. The Court finds that its prior Order needs no clarification on this point.

12

**B.**     **Sex Discrimination**

13
14
15

Plaintiff asserts that the Court erred in not finding that she presented evidence of pretext sufficient to establish a prima facie case of discrimination with respect to her pregnancy (sex) discrimination claim under Title VII. (Doc. 116 at 5). Plaintiff argues:

16
17
18

> Since the Order does not specifically mention, in the context of the pretext analysis, facts Plaintiff presented in opposition to the motion for summary judgment, Plaintiff is uncertain if they were overlooked or misapprehended within the meaning of LRCiv 7.2(e)(1).

19
20
21

(Doc. 116 at 6). Plaintiff then lists a number of statements of fact in bullet points. (*Id.* at 6-7).

22
23
24
25
26
27
28

Plaintiff's newfound desire to adhere to the Local Rules of Civil Procedure ("Local Rules") contrasts with her earlier failure to follow Local Rule 56.1(e), which provides that memoranda filed in opposition to a motion for summary judgment "must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda . . . ." LRCiv 56.1(e). Plaintiff's response to Defendant's motion stated: "As set forth above and in the Plaintiff's Controverting Statement of Facts, there is direct evidence of discriminatory animus. PCSOF ¶¶221, 224-280." (Doc. 100 at 18:5-6).

1

2      This sloppy citation to *fifty-eight statements of fact* in a single skeletal sentence is

3   the sole reason why these facts were not specifically mentioned in the Court's prior

4   Order. As the Court noted:

5              Plaintiff contends that she has shown direct evidence of
               "discriminatory animus," and cites, without explanation, fifty-
6              eight paragraphs from her controverting statement of facts.
               (Doc. 100 at 18). The Court has reviewed each of these
7              paragraphs and finds nothing showing direct evidence of a
               discriminatory motive on the part of Defendant.
8

9   (Doc. 113 at 14:10-13). The Court specifically noted that it nonetheless reviewed each of

10   the paragraphs and found no direct or indirect evidence of discriminatory motives by

11   Defendant. *See* (*Id.* at 14:17-19) (finding that out of the fifty-eight paragraphs, the one

12   statement relevant to Plaintiff's argument did not "constitute direct (or even indirect)

13   evidence of discriminatory motives on the part of Defendant").

14      Plaintiff now asks whether the Court considered this evidence in the context of the

15   pretext argument. (Doc. 116 at 8). The answer is yes. When the Court reached the pretext

16   portion of its analysis, having already reviewed all of Plaintiff's cited statements of fact

17   despite Plaintiff's violation of the Local Rules, the Court found that Plaintiff had not

18   shown any evidence of pretext. (*Id.* at 16).

19      Because the Court already considered the evidence that Plaintiff points out in her

20   motion for reconsideration, there is no grounds for reconsidering the prior Order.

21   **IV.   Conclusion**

22      For the foregoing reasons,

23   /

24   /

25   /

26   /

27   /

28   /

- 5 -

1    **IT IS ORDERED** denying Plaintiff's Motion for Reconsideration and

2  Clarification of Court's June 29, 2015 Order" (Doc. 116).

3        Dated this 17th day of September, 2015.

4

5

6  _____

7                   James A. Teilborg
                Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28