FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 0 9 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kimberly Isom,

               Plaintiff,

v.

JDA Software Incorporated,

               Defendant.

No. CV-12-02649-PHX-JAT

**JURY INSTRUCTIONS**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening and closing statements and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits were received only for a limited purpose. I have given limiting instructions, and you must follow them

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

The evidence that a witness lied under oath on a prior occasion or gave prior, inconsistent testimony may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

The Family and Medical Leave Act ("FMLA") permits an employee to take leave for the birth of the employee's son or daughter or to care for the child after birth.

The FMLA generally gives an employee the right following FMLA leave to be returned to the position held when the leave began or to an equivalent position upon return from FMLA leave. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence.

An "equivalent position" means a position that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, prerequisites, and status.   It must involve the same or similar duties or responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority.

Equivalent pay includes any bonus or payment whether it is discretionary or non-discretionary made to employees.  However, if a bonus or other payment is based on the achievement of a specified goal such as hours worked, products sold, or perfect attendance, and the employee has not met the goal due to FMLA leave, then the payment may be denied, unless otherwise paid to employees on an equivalent leave status for a reason that does not qualify as FMLA leave.

An equivalent position must have substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position.

The employee must be reinstated to the same or a geographically proximate worksite from where the employee had previously been employed.

The employee is ordinarily entitled to return to the same shift or the same or an equivalent work schedule.

The employee must have the same or an equivalent opportunity for bonuses, profit-sharing, and other similar discretionary and non-discretionary payments.

Plaintiff claims that she was entitled to be restored to her same position of employment, or to an equivalent position, upon her return from FMLA leave, but that Defendant failed to restore her to such a position.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, having the employer maintain certain employment benefits during leave and, once leave is completed, being restored by the employer to the position of employment the employee held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

The Plaintiff and Defendant agree that Plaintiff was eligible to take FMLA leave; that she provided sufficient notice of her requested leave; that she was entitled to take FMLA leave; and that she took approved FMLA leave from June 3, 2011, until her return to work on August 22, 2011.

You must decide whether Defendant interfered with Plaintiff's FMLA leave rights by failing to restore her to the position of employment she held when the leave commenced or to an equivalent position, *i.e.,* one that is virtually identical to the position Plaintiff held at the time leave commenced, with equivalent employment benefits, pay, and other terms and conditions of employment.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that:

    a.    Plaintiff sought to return to employment with Defendant following FMLA leave; and

    b.    Defendant failed to restore Plaintiff to the same position she held at the time FMLA leave commenced, or to an equivalent position.

In this case, it does not matter whether Defendant intended to violate the FMLA.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the Plaintiff on her FMLA interference, *i.e.,* "failure to restore," claim, you must determine her damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate her for any injury you find was caused by Defendant.

If you find that the Plaintiff has proven her claim of FMLA interference, you should award any wages, salary, employment benefits, and other compensation she would have received from the Defendant if she had been reinstated to the same or equivalent position following FMLA leave. It is the Plaintiff's burden to prove that she lost wages and benefits and their amount. If Plaintiff failed to prove that she lost wages or benefits for any period of time for which she seeks damages, then you may not award damages for that period of time.

Remember, throughout your deliberations, you must not engage in any speculation, guesswork, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.